UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OMEGA HOSPITAL, LLC                          CIVIL ACTION

VERSUS                                       NO. 13-21

LOUISIANA HEALTH SERVICE &                   SECTION "B"(3)
INDEMNITY CO., ET AL.


Before the Court are Plaintiff Omega Hospital's ("Omega") Motion to Remand for lack of subject matter jurisdiction and supporting memorandum, Louisiana Health Service & Indemnity Company and HMO Louisiana's ("Defendants") Opposition, and Omega's subsequent reply. (Rec. Docs. No. 8, 10, and 17). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that the motion be **GRANTED** and that this matter be remanded to State Court for further proceedings. **IT IS FURTHER ORDERED** that **(1)** Omega's request for attorneys fees and costs be **GRANTED**, and **(2)** Omega is directed to file a noticed motion for attorneys fees and costs in compliance with the local rules.

## Procedural History and Facts of the Case

The motion before the court arises from a fee dispute between Omega, a surgical hospital, and Defendants, related health insurance entities. (Rec. Doc. No. 8-1). As explained below, Omega seeks to recover payments for medical services provided to patients in alleged reliance on Defendants' assurance

that such treatment was covered by their medical insurance policies. (Rec. Doc. No. 1-4).

Although Omega is not an "in-network" provider under Defendant's insurance plans, it regularly treats Defendants insureds. *Id.* at 3. Before treating these patients, Omega allegedly confirms coverage via Defendants' web portal and thereby verifies the percentage of the treatment cost that Defendants will cover. *Id.* at 4.

Omega alleges that in 2007 Defendants began paying far less than the amount verified on their web portal, contrary to past practice and industry standards. *Id.* On November 3, 2010, Omega filed a petition in state court against the Defendants for breach of contract, violations of Louisiana's Unfair Trade Practices Act, fraud, negligent misrepresentation, detrimental reliance, and unjust enrichment. (Rec. Doc. No. 1-4). The Defendants filed several exceptions, which were denied, before answering in April of 2011, pleading ERISA preemption as an affirmative defense. (Rec. Doc. No. 8-1 at 4). Finally, on January 4, 2013, roughly two years after the complaint was filed, Defendants removed the matter to this Court, asserting federal question jurisdiction

under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., the Federal Employees Health Benefits Act ("FEHBA"), 5 U.S.C. § 8901 et seq., and federal common law. (Rec. Doc. No. 1 at 2).

Plaintiffs filed the instant motion to remand and requested attorney fees on February 1, 2013. (Rec. Doc. No. 8-1).

## Law and Analysis

Omega seeks remand for lack of subject matter jurisdiction and on the grounds that removal was untimely. Because the Court finds that it lacks subject matter jurisdiction, it need not address Omega's claims of untimeliness.

### A. Subject Matter Jurisdiction

Federal District Courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the Plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)(quotations omitted). However, there is a corollary to the well-pleaded complaint rule: "Congress may so completely pre-empt

a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life. Ins.*, 481 U.S. at 63-64. Thus, "[c]omplete preemption converts a state law civil complaint alleging a cause of action that falls within ERISA's enforcement provisions into one stating a federal claim for purposes of the well-pleaded complaint rule." *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009).

With regard to ERISA, "Congress has clearly manifested an intent to make causes of action within the scope of civil enforcement provisions of § 502(a) removable to federal court." *Id*. at 66. In determining whether state law claims are within that scope, the Supreme Court stated that:

> if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

*Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  Thus, under *Davilla*, courts apply a two-prong test to determine whether state law claims are properly removed under ERISA. *See*, *e.g.*, *Lone Star*, 579 F.3d at 529.  If (1) the plaintiff, at some point in time, could have brought the claim under § 502, and (2) there is no other independent legal duty implicated by a defendant's action, then the action is preempted and removal is proper. *See*, *e.g.*, *Omega Hosp., L.L.C. v. Aetna Life Ins. Co.*, CIV.A. 08-3712, 2008 WL 2787466 (E.D. La. July 16, 2008).

Here, Defendants argue that both prongs are met. (Rec. Doc. No. 10 at 9-10). As to the first, Defendants' assertion that Omega "could" have brought claims under ERISA is premised on the claim that Omega has been assigned claims under Defendants' policies. *Id.* In essence, Defendants argue that Omega has stepped or "could" step into the shoes of beneficiaries denied coverage.

This argument ignores the fact that Omega is not an individual seeking benefits under ERISA covered plans and it has been serially rejected by this court. *See e.g. Omega Hospital v. Healthnow New York,* CIV.A. 08-1373, 2008 WL 2038933 (E.D. La. May 9, 2008); *Omega Hospital v. Aetna Life Insurance*, CIV.A. 08-3714,

2008 WL 4091078 (E.D. La. Aug. 27, 2008). *Davila*, by its own terms, only requires preemption where an "*individual* brings suit complaining of a denial of coverage for medical care [and is] entitled to such coverage only because of the terms of an ERISA-regulated plan..." 542 U.S. at 210 (emphasis added). Omega, in contrast, is a third-party medical provider seeking recovery for payments that Defendants allegedly promised to provide, and not a beneficiary seeking coverage under the terms of an ERISA plan. There is, moreover, simply no record that any of Omega's patients assigned it rights under their policies. Defendants assertion that Omega received such assignments is speculative, resting solely on the fact that Omega has not affirmatively denied receiving such benefits. (Rec. Doc. No. 10 at 9). Defendants' argument thus fails under the first prong of *Davila*.

Defendants also fail the second prong of *Davilla*. The Fifth Circuit has made clear that rate disputes involve independent legal duties. *Lone Star*, 579 F.3d at 531. (claims arising from rate disputes involve independent legal duties and are not ERISA preempted). Here, Omega challenges the amount that Defendants have paid them, alleging that it falls short of the amount represented on the web portal. (Rec. Doc. No. 1-4).

In addition to the analysis required by *Davila*, the Fifth Circuit has required that a defendant pleading preemption under ERISA prove that "(1) the claim 'addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of [an ERISA-covered] plan" and "(2) the claim directly affects the relationship among traditional ERISA entities ...'" *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir.2006); (quoting *Mayeaux v. Louisiana Health Serv. and Indem. Co.* 376 F.3d 420, 432 (5th Cir.2004)).

Here, once again, Omega's claims are not implicated. Regarding the first prong, Omega's claims arise from representations allegedly made through Defendants' web portal application and not from their patients' rights under ERISA plans. As for the second prong, Omega's claim in no way affects the relationships among ERISA entities. Rather, it seeks payment, externally, from but one of them.

Next, Defendants argue that this Court has jurisdiction under the Federal Employees Health Benefits Act ("FEHBA"). (Rec. Doc. No. 10 at 12). In short, Defendants argue that because Omega seeks payment for treatment of several patients covered by the FEHBA, Omega's claims with respect to those patients are preempted.

7

The FEHBA preemption provision provides that:

> The terms of any contract under this chapter which relate to the nature, provision, or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans.

5 U.S.C.A. § 8902(m)(1). This court has clearly and frequently stated that claims by third-party providers are not preempted by FEHBA when those claims are based on alleged assurances of prior approval by insurers, as is the case here. *See e.g. Transitional Hospitals Corp. of Louisiana, Inc. v. Am. Postal Workers Union Health Plan*, CIV. A. 09-6245, 2010 WL 187388 (E.D. La. Jan. 13, 2010) (claims nearly identical to Omega's were not FEHBA preempted); *Transitional Hospitals Corp.of Louisiana, Inc. v. Louisiana Health Serv.*, CIV.A.02-354, 2002 WL 1303121 (E.D. La. June 12, 2002) (hosptial's claims not preempted because they arise from alleged representations by Blue Cross).

Finally, Defendants assert in their Notice of Removal that federal question jurisdiction is established by federal common law.  The Court need not address this argument, which is little more than a reiteration of Defendant's FEHBA preemption argument and was abandoned in Defendants' papers.

8

**B. Attorneys Fees**

Omega requests attorneys fees pursuant to. 28 U.S.C. §
1447(c). (Rec. Doc. No. 8-1 at 15). The decision to award
attorneys fees is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929
(5th Cir. 1993). "Absent unusual circumstances, courts may award
attorney's fees under § 1447(c) only where the removing party
lacked an objectively reasonable basis for seeking removal.
Conversely, when an objectively reasonable basis exists, fees
should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S.
132, 126 (2005). This Court has found an objectively reasonable
basis lacking where the same party successively sought removal on
the same grounds, despite previous remands and rejection of
identical legal arguments. *McMillin v. Breen*, CIV.A. 08-1090,
2008 WL 782812 (E.D. La. Mar. 20, 2008).

Defendants have removed virtually identical claims to this
court and faced subsequent remand on numerous occasions. *See e.g.
Ctr. for Restorative Breast Surgery, LLC v. Blue Cross Blue
Shield of La.*, No. 06-9985, 2007 WL 1428717 (E.D. La. May 10,
2007); *Transitional Hosps. Corp. of La, Inc. v. La. Health Serv.*,
No. 02-354, 2002 WL 1303121 (E.D. La. June 12, 2012). On that
basis, on for the reasons above, it is **ORDERED** that Omega be
awarded attorneys fees and costs pursuant to 28 U.S.C. § 1447(c).

9

## Conclusion

The Court finds the case improperly removed. Each preemptive statute is inapplicable to Omega's claims and this Court lacks subject matter jurisdiction.

Accordingly, and for the reasons articulated above:

**IT IS ORDERED** that Omega's Motion to Remand be **GRANTED** and that attorneys fees and costs be awarded in accordance with 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Omega shall file a noticed motion for attorneys fees and costs in compliance with local rules.

New Orleans, Louisiana, this 16th day of September.


UNITED STATES DISTRICT JUDGE